THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLUB GENE & GEORGETTI, LP, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No.  20 C 652 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| XL INSURANCE AMERICA, INC., | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case concerns a property insurance dispute arising from a fire that damaged a Club Gene and Georgetti ("G&G") restaurant in October 2019.  G&G brought a breach of contract claim under its insurance policy with XL Insurance American Inc., ("XL") claiming the company failed to make sufficient insurance payouts following the fire. (Dkt. 16).  XL filed a counterclaim seeking a declaratory judgment that G&G failed to comply with a condition of its insurance coverage, such that it need not pay any claims and must be reimbursed for the advance payments it has already made, in the amount of $469,000. (Dkt. 50).  XL also claimed reimbursement of legal feels and costs associated with this action. (*Id.*)  On December 17, 2020, this Court struck XL's request for legal fees and costs, but sustained the remaining claims for declaratory judgment and restitution. (Dkt. 55). Before the Court is G&G's motion to reconsider this previous ruling.  (Dkt. 56). For the reasons that follow, G&G's motion is denied.

Motions to reconsider should be granted only in rare circumstances and the party moving for reconsideration bears a heavy burden. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). They may not be used to relitigate arguments the Court previously rejected. *See id.* Motions for reconsideration are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence[,]" or where the court has "patently misunderstood a party, ... has made a decision outside the adversarial issues presented … or,  has made an error not of reasoning, but of apprehension." *Caisse,* 90 F.3d at 1269 (internal quotations omitted); *Bank of Waunakee*, 906 F.2d at 1191 (citation omitted).

G&G argues the Court erred in concluding that XL has a cognizable claim for restitution of its previous payouts. [1]  First, G&G claims that "[a]bsent an unjust enrichment claim, the

---

[1] G&G asserts that XL requests return of insurance proceeds, and not restitution. (Dkt. 56 at 1).  XL's basis for that request is based on the premise that it conferred G&G a benefit not owed to it under the insurance policy. (Dkt. 50). Thus, XL's request for reimbursement is properly construed as a request for restitution. *MC Baldwin Fin. Co. v.*

1

equitable remedy of restitution has no application here." (Dkt. 56 at 2). G&G is correct in its assertion that a claim for unjust enrichment cannot arise where, as here, an express contractual agreement governs the relationship between the parties. (Dkt. 48 at 4); *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. 2004). Restitution is not, however, exclusively an equitable remedy premised on a claim of unjust enrichment. *See Raintree Homes, Inc. v. Vill. of Long Grove*, 807 N.E.2d 439, 444 (Ill. 2004) ("[R]estitution may be available in both cases at law and in equity."); *see also Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994) ([R]estitution is a legal remedy when ordered in a case at law and an equitable remedy … when ordered in an equity case."). Accordingly, when a party has substantially breached a contract, yet has received the benefits of the contract, the non-breaching party may seek restitution. *See MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. 2006); *Siemans v. Thompson*, 297 N.E.2d 241, 243 (1973).

G&G also argues that because the policy does not contain an express provision providing for reimbursement of advance payments, XL has no legal right to restitution. G&G cites to the *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, in which the Illinois Supreme Court held that an insurer cannot recover defense costs under a reservation of rights absent an express provision to that effect in the insurance policy. 828 N.E.2d 1092, 1104 (Ill. 2005). *Gen. Agents* is, however, inapplicable to the present case in which XL seeks to recover advanced payouts, not defense costs. The *Gen. Agents* Court premised its decision on the fact that "[a]n insurer's duty to defend its insured is much broader than its duty to indemnify its insured." *Id.* at 1098. While an insurer may not refuse to defend a client against any claim unless the policy expressly states otherwise, it is not required to advance funds to an insured when coverage has not been established. *Id.* The Court further recognized:

> [W]hen an insurer tenders a defense or pays defense costs …, the insurer is protecting itself at least as much as it is protecting its insured. Thus, we cannot say that an insured is unjustly enriched when its insurer tenders a defense in order to protect its own interests, even if it is later determined that the insurer did not owe a defense.

*Id.* at 1103. Allowing recovery of advanced payouts does not implicate such concerns, and accordingly Illinois courts have held insurers may recover amounts paid out under a policy to the insured under a mistake of fact. *See e.g., Illinois Graphics Co. v. Nickum*, 639 N.E.2d 1282, 1288 (Ill. 1994); *Hartford v. Doubler*, 434 N.E.2d 1189, 1191 (Ill. App. 1982); *Hartford Accident & Indemnity Co. v. Chicago Housing Authority*, 12 F.3d 92, 96 (7th Cir.1993) (applying Illinois law); *Minnesota Mut. Life Ins. Co. v. Starkman*, No. 94 C 4101, 1996 WL 450704, at *4 (N.D. Ill. Aug. 8, 1996) (applying Illinois law). [2] Indeed, these courts have recognized that policy concerns weight in favor of such recovery: "denying an insurer the recovery of a payment made erroneously will cause the insurer to resolve all doubts regarding payment against the insured, thus compelling the insureds to pay up front and bring suit to recover." *Hartford*, 12 F.3d at 97 (internal quotations omitted); *see also Minnesota Mut.*, 1996 WL 450704, at *4 ("[I]f insurance companies cannot

---

*DiMaggio*, *Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. 2006) ("A 'restitution interest' is a party's interest in having restored to him any benefit that he has conferred on the other party.") (internal quotations omitted).

[2] As the parties have not made arguments on the matter, the Court declines to assess at this time whether XL made the advanced payments at issue under a mistake of fact.

recover [mistaken payouts], then they may tend to resolve other cases against the insured and simply refuse to immediately pay benefits.").

Moreover, restitution remains a *remedy*, even if it is not a right expressly embodied in the parties' agreement. As this Court stated previously, courts may in their discretion grant "[f]urther necessary or properly relief based on a declaratory judgment …." 28 U.S.C. § 2202. This Court concluded that "[r]estitution of incorrectly distributed funds is *relief* that is necessary and proper for effectuating the purpose of [a] declaratory judgment" that G&G was not in compliance with its obligations under the policy. (Dkt. 55 at 1) (emphasis added). G&G's position (also raised and rejected previously) does not disturb this conclusion.

For the foregoing reasons, G&G's motion for reconsideration [56] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: February 8, 2021

3