IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLUB GENE AND GEORGETTI, LP, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 652 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| XL INSURANCE AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has moved to compel the production of five purportedly privileged documents, one of which plaintiff claims was inadvertently produced. The defendant argues that (1) the plaintiff failed to act diligently following production, meaning the privilege was waived as to that document and four others of the same subject matter, and (2) the documents are not privileged in the first place. For the following reasons, the defendant's motion [Dkt. #70] is granted.

First, I find that the purportedly inadvertently produced email is privileged. It clearly involves a request for legal advice on how to respond to an inquiry regarding the fire. Remarkably – given defendant's position here – it concerns a topic that defendant argued was a key legal concern in this case just a few weeks ago. As such, it goes far beyond routine editorial or "word-smithing" to business reports or minutes. *See Acosta v. Target Corp.*, 281 F.R.D. 314, 321 (N.D. Ill. 2012) ("Counsel's comments on, and revisions to, drafts of documents that are intended for ultimate disclosure to third parties can be privileged to the extent that the comments and revisions communicate legal advice and have been maintained confidential."); *Roth v. Aon Corporation*, 254 F.R.D. 538, 541 (N.D. Ill. 2009)(email seeking advice regarding wording of document was privileged where determination of what should be disclosed was not merely a business concern but

also a legal concern because it could lead to liability). *Compare Musa-Muaremi v. Florists' Transworld Delivery, Inc*., 270 F.R.D. 312, 316 (N.D. Ill. 2010); *Lee v. Chicago Youth Centers*, 304 F.R.D. 242, 252 (N.D. Ill. 2014).

The question remains as to whether plaintiff waived the privilege by producing the document. Under Federal Rule of Evidence 502, disclosure of privileged information may not operate as a waiver where: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed.R.Evid. 502(b)(1)-(3). *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 405–06 (7th Cir. 2018). Counsel clearly did not discover the inadvertent production until the document was introduced at the Pierson Deposition. He immediately indicated the mistake and instructed the witness not to answer questions related to it. *See, e.g., Heriot v. Byrne*, 257 F.R.D. 645, 662 (N.D. Ill. 2009)(party discovered the disclosure at the deposition where the privileged documents became a topic of discussion, and they immediately asserted privilege). Whether counsel took reasonable steps to prevent disclosure is another matter.[1]

Plaintiff asserts that the fact that the four emails subsequent to the inadvertently produced email, which all related to that email, were withheld somehow shows reasonable steps were taken to prevent disclosure. [Dkt. #76, at 4-5]. That's all plaintiff offers and it's not much; just an unsupported statement in a brief. Assertions in briefs are not evidence, *Mitze v. Colvin*, 782 F.3d

---

[1] Although some background information might be useful, plaintiff spends half of its response brief focusing on matters that might be appropriate in a motion for summary judgment, but fail to move the needle in a discovery motion regarding whether the privilege was waived. [Dkt. #76, at 1-4].

Additionally, it would be helpful to the court if, in future filings, plaintiff did not merely mention names of cases, but included citations for those cases.

879, 882 (7th Cir. 2015); *Gross v. Knight*, 560 F.3d 668, 672 (7th Cir. 2009), and "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010); *Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018). "Notably absent from these allegations, however, is any proposed proof that state actors, not municipal actors, were engaged in this *de facto* discrimination." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("Free, fair elections are the lifeblood of our democracy. Charges of unfairness are serious. But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).

Moreover, it's an argument that can cut the other way. *See Walker v. White*, 2018 WL 2193255, at *3 (N.D. Ill. 2018)(production of one among a number of communications in a category suggests production was not inadvertent). But, more significant is the fact that plaintiff submits no evidence regarding its steps to prevent disclosure. Courts generally demand affidavits detailing the steps taken to sift privileged materials from those produced. *See, e.g., In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 301 F. Supp. 3d 917, 927 (N.D. Ill. 2018)*; Walker v. White*, 2018 WL 2193255, at *3 (N.D. Ill. 2018)(party seeking to show production was inadvertent must produce evidence to support the claim)*; DeGeer v. Gillis*, 2010 WL 3732132, at *8 (N.D. Ill. 2010); *Excel Golf Prod., Inc. v. MacNeill Eng'g Co.*, 2012 WL 1570772, at *3 (N.D. Ill. 2012); *Sidney I. v. Focused Retail Property I, LLC*, 274 F.R.D. 212, 215 (N.D.Ill.2011).

Determining whether a party took reasonable steps to prevent disclosure and to rectify any error requires consideration of a variety of factors including the procedures followed to avoid

producing privileged material, the volume and timing of the production, and overriding issues of fairness. *See Novak v. State Parkway Condo. Ass'n*, 2017 WL 1086767, at *3 (N.D. Ill. 2017); *Excel Golf*, 2012 WL 1570772, at *3; *Sidney I.*, 274 F.R.D. at 215. "The producing party must offer specific facts and details to show the procedures were reasonable." *Excel Golf*, 2012 WL 1570772, at *3; *Kmart Corp. v. Footstar, Inc.*, 2010 WL 4512337, at *4 (N.D. Ill. 2010). A court, "in making this determination, may consider several factors, including 'the number of documents to be reviewed and the time constraints for production'; whether 'a party that use[d] advanced analytical software applications and linguistic tools in screening for privilege and work product'; and whether "'t]he implementation of an efficient system of records management before litigation.'" *Heriot v. Byrne*, 257 F.R.D. 645, 660 (N.D. Ill. 2009). We have no information along these lines from plaintiff whatsoever. *See Comrie v. Ipsco, Inc.*, 2009 WL 4403364, at *2 (N.D. Ill. 2009)(rejecting claim where part "failed to inform the Court about their efforts to review and disclose the documents."). With all deference, the plaintiff has not merely made an inadequate showing; it hasn't made any.

      That's enough to scuttle the plaintiff's claim of inadvertent production, but it is worthwhile considering whether plaintiff "promptly took reasonable steps to rectify the error." Following the discovery of the production at the deposition on February 5, 2020, plaintiff's counsel fails to indicate he did anything. [Dkt. # 76, at 5-6]. The attitude about the privileged document was, in a word lackadaisical. Plaintiff relied entirely on its opponent, and did not demand return or destruction of the email or seek court intervention.

      Instead, defense counsel took the lead. Counsel wrote the plaintiff's counsel a week after the deposition on February 11th to demand a response as to production of not only that document but the four other related documents, and indicated the defendant was sequestering the purportedly

inadvertently produced document. [Dkt. #71-4]. Plaintiff's counsel did not respond until March 2nd, almost three weeks later, stating plaintiff was standing on its position that production was inadvertent and that the email should have been redacted as privileged. [Dkt. #71-6]. Counsel made no demand for the return or destruction of the document. [Dkt. #71-6]. In plaintiff's response brief, he explains that:

> given XL's counsel's representation in its February 11th letter, six days after the Pierson deposition, that it was "sequestering" Defendant's Exhibit 3 in anticipation of seeking court intervention, Rule 26(b)(5)(B) has been met. Thus, requiring XL to return the document or to destroy it, given its sequestration, would have been a needless and useless act on the part of G&G's counsel and one of form over substance.

[Dkt. #76, at 6].

While it is true that once defense counsel was informed of the privilege claim at the deposition, defense counsel was under the obligation to "promptly return, sequester, or destroy the specified information and any copies it has" and could not "use or disclose the information until the claim is resolved" Fed.R.Civ.P. 26(b)(5)(B), the cavalier attitude of plaintiff's counsel at the time, and in plaintiff's response brief now, belies any claims that plaintiff was serious about not letting the disclosure go any further. *See Schaeffer v. City of Chicago*, 2020 WL 7395217, at *4 (N.D. Ill. 2020)(claim of inadvertence rejected where party failed to demand clawback promptly); *Walker v. White*, 2018 WL 2193255, at *4 (N.D. Ill. 2018)(forty-five-day wait before demanding clawback inadequate); *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1996)(waiting two weeks to demand return of documents was inadequate). *Compare Heriot*, 257 F.R.D. at 662(requested destruction of the document within 24 hours); *Coburn Grp., LLC*, 640 F.Supp.2d at 1041 (defendant promptly requested the document's return one day after learning it had been produced).

5

Accordingly, the defendant's motion [Dkt. #70] is granted and the purportedly inadvertently produced portion of Exhibit 1 and the four documents regarding the same subject matter listed within Exhibit 2 must be produced.[2]

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 4/16/21

---

[2] Parties may serve and file specific objections to this order within 14 days after being served with a copy. Failure to raise objections in this manner waives the right to appeal. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019); *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).